**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

APR 14 2023

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS



|  |  |
|---|---|
| SANDEEP SINGH,<br><br>         Petitioner,<br><br>  v.<br><br>MERRICK B. GARLAND, Attorney General,<br><br>         Respondent. | No.   22-214<br>Agency No. A216-578-955<br><br><br>MEMORANDUM* |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted April 12, 2023**
San Francisco, California

Before:  S.R. THOMAS and H.A. THOMAS, Circuit Judges, and RAKOFF,***
District Judge.

On August 15, 2018, Sandeep Singh, a native and citizen of India, applied for

asylum, withholding of removal, and protection under the Convention Against

---

     *      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

     **      The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

     ***      The Honorable Jed S. Rakoff, United States District Judge for the Southern District of New York, sitting by designation.

Torture ("CAT"). The Immigration Judge ("IJ") assigned to Singh's case denied his application, basing that decision on the IJ's determination that Singh was not credible. Singh appealed to the Board of Immigration Appeals ("BIA"), which affirmed the IJ's decision and dismissed his appeal. Singh then petitioned this Court for review. We have jurisdiction under 8 U.S.C. § 1252, and we deny the petition.

"Where, as here, the BIA agrees with and incorporates specific findings of the IJ while adding its own reasoning, we review both decisions." *Bhattarai v. Lynch*, 835 F.3d 1037, 1042 (9th Cir. 2016). We review factual findings for substantial evidence. *Id.* To reverse a credibility determination in particular, "we must find that the evidence not only *supports* [a contrary] conclusion, but *compels* it." *Rizk v. Holder*, 629 F.3d 1083, 1087 (9th Cir. 2011) (alteration in original) (quoting *INS v. Elias-Zacarias*, 502 U.S. 478, 481 n.1 (1992)), *overruled in part on other grounds by Alam v. Garland*, 11 F.4th 1133, 1135–37 (9th Cir. 2021).

An adverse credibility determination may be based on "all relevant factors," including "the consistency between the applicant's . . . written and oral statements" and "the consistency of such statements with other evidence of record . . . ." 18 U.S.C. 1229a(c)(4)(C). Regardless of the factors relied upon by the IJ, the IJ must provide "specific and cogent reasons" for the adverse credibility finding. *Shrestha v. Holder*, 590 F.3d 1034, 1042 (9th Cir. 2010).

Here, the IJ's adverse credibility determination was based on inconsistencies

2

between Singh's in-court testimony and other evidence. Those inconsistencies concerned the location of an injury that Singh claimed to have suffered during a knife attack in 2017. In court, Singh testified that he had been stabbed in his left hand. However, in a sworn declaration, Singh wrote that he had been stabbed in his shoulder. Additionally, Singh's father—who was present at the hospital where Singh was treated for his knife wound—also asserted, in an affidavit, that Singh had been stabbed in the shoulder. When Singh was given an opportunity to explain these apparent inconsistencies, he provided an explanation that the IJ found to be unconvincing.[1] The IJ then determined that these unexplained inconsistencies with respect to Singh's injury cast doubt on the entirety of Singh's testimony. *Manes v. Sessions*, 875 F.3d 1261, 1264 (9th Cir. 2017) (the BIA may give "substantial weight" to inconsistencies that bear directly on the applicant's claims).

As the IJ offered specific, cogent reasons for disbelieving Singh's testimony and rejecting his explanations for the inconsistency, the IJ's adverse credibility determination is supported by substantial evidence, and the BIA did not err in dismissing Singh's appeal. Accordingly, Singh's petition for review is **DENIED.**

---

[1] The IJ also confirmed with the court's Punjabi interpreter that the Punjabi language has different words for "shoulder," "hand," and "arm." While Singh asserts that it was "unreasonable" and "erroneous" for the IJ to rely on the court interpreter for information about Punjabi, he provides no specific reasons to doubt the interpreter's competence.

3